No. 03-3775

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
DEC 15 2003
LEONARD GREEN, Clerk

SHARON CARR,

    Plaintiff-Appellant,

v.

TOM SWEENEY, INC.,

    Defendant-Appellee.

O R D E R

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

Before: BATCHELDER and SUTTON, Circuit Judges; BELL, District Judge.[*]

    Sharon Carr, proceeding pro se, appeals a district court judgment dismissing her employment discrimination suit filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 et seq., and Ohio Rev. Code Ch. 4112. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

    Initially represented by counsel, Carr filed suit against her former employer, Tom Sweeney, Inc., who employed her from September 10, 1997, until March 13, 1998. Carr asserted that during this time: 1) she was subjected to a hostile work environment because of her gender; 2) the defendant retaliated against her for complaining about civil rights violations by discharging her; and 3) the defendant intentionally inflicted emotional distress upon her. In light of a magistrate judge's recommendation and over Carr's objections, the district court granted summary judgment in favor of the defendant.

---

[*]The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

In her timely appeal, Carr essentially reasserts her claims, attacks a filing injunction previously imposed by the district court, and raises other miscellaneous issues. The defendant argues that Carr's second claim was not properly raised in EEOC proceedings.

As an initial matter, we note that only the three claims raised in Carr's complaint are properly before the court. We decline to consider allegations concerning other lawsuits, the propriety of a filing injunction which was not the basis for dismissal of this suit, or any new claims concerning the defendant which Carr attempts to raise for the first time on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 261 (6th Cir. 1996).

Upon de novo review, we conclude that the district court's judgment must be affirmed because Carr failed to present significant probative evidence to defeat the defendant's motion for summary judgment. *See* Fed. R. Civ. P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir. 1995).

Specifically, Carr's first claim fails because she did not establish that her work environment was objectively hostile. *See Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560-61 (6th Cir. 1999); *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999); *see also Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 421 N.E.2d 128, 131 (Ohio 1981) (holding that Title VII federal case law is generally applicable to Ohio discrimination claims). At most, her co-workers' alleged behavior was merely offensive, and Carr did not argue that their actions had interfered with her work performance in any way.

As to the second claim, we conclude that the allegations in Carr's EEOC filings were sufficient to raise her claim for purposes of administrative exhaustion. *See Jones v. Sumser Retirement Vill.*, 209 F.3d 851, 853 (6th Cir. 2000). Nonetheless, the claim lacks merit because the defendant gave a legitimate non-discriminatory reason for her discharge. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). On what became Carr's last day of work, she took a longer than expected lunch break. While she had indicated that she would be "late" returning from lunch, she did not return until 5 p.m., and then made several personal phone calls, rather than

waiting on customers. Carr did not present any evidence showing that this reason was a pretext for discrimination. *See id.* at 804.

Carr's final claim fails because the defendant's alleged conduct was not so extreme or outrageous that a reasonable person would be unable to cope with the resulting mental distress. *See Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of Am.*, 453 N.E.2d 666, 671 (Ohio 1983); *Paugh v. Hanks*, 451 N.E.2d 759, 765 (Ohio 1983) (negligent infliction of emotional distress); *see also Neal v. Hamilton County*, 622 N.E.2d 1130, 1137 (Ohio Ct. App. 1993) (intentional infliction).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

*[signature]*
Clerk